UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHIBUEZE C. ANAEME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00375-DBH |
| | ) | |
| MAINE BOARD OF PHARMACY, *et al.*, | ) ) ) | |
| | ) | |
| Defendants | ) | |

RECOMMENDED DECISION

Pro se Plaintiff Chibueze C. Anaeme filed this instant action in this Court on October 5, 2011, against roughly 200 defendants, most having no apparent connection with the State of Maine, plus multiple Maine state defendants, and, for good measure, the United States of America. The only factual allegations are to the effect that Mr. Anaeme is a black male of African origin residing in Albuquerque, New Mexico (Compl. ¶ 3); is registered to engage in the occupation of pharmacist in Georgia and New Mexico (id. ¶ 12); but was denied "transfer of his pharmaceutic licensure by reciprocity to the State of Maine" (id. ¶ 17), "despite his timely submission of all the applicable documents" (id. ¶ 18) and his "superior qualifications and skills compared to other lesser qualified pharmacists" (id. ¶ 19) (see also id. ¶¶ 28-38). Mr. Anaeme also alleged that a host of state actors in California, have assaulted, battered, tortured, and victimized him in some undisclosed ways. (Id. ¶¶ 42.) He requests compensatory and exemplary damages. (Id. at pp. 37, 39, 49.)

On October 7, 2011, I issued an order granting Mr. Anaeme leave to proceed in forma pauperis, but instructed him that, because his complaint as drafted is patently frivolous he must file an amended complaint naming only Maine defendants and explaining the "who, what, why,

when, and where of what he claims were wrongful acts." (Doc. No. 4.) The order provided three weeks for Mr. Anaeme to comply and cautioned: "If this court does not receive an amended complaint that actually states a claim against Maine defendants by that date, my recommendation will be that this matter be summarily dismissed with prejudice." (Id.) Mr. Anaeme has not responded to the order even as of the date of this recommended decision.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. However, in recognition of the fact that a waiver of fees encourages some individuals to file suit regardless of the merits, the statute authorizes the court to dismiss actions that fail to state a viable claim or that present frivolous, malicious, or repetitive claims. Id. § 1915(e)(2)(B). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When deciding whether to dismiss a claim or action for failure to state a claim, the court must accept as true the factual allegations of the complaint, draw all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determine whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). However, to properly allege a civil action in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege *facts* that identify the manner by which the *defendant(s)* subjected the plaintiffs to a harm for which the law affords a remedy. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

When the plaintiff is a pro se litigant, the court will review his or her complaint subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Additionally, the pleadings of pro se plaintiffs are generally interpreted in light of supplemental submissions. Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003). In some circumstances, if it appears that a pro se litigant might be able to plead adequate facts if he or she better understood the applicable law, the Court may provide some opportunity to understand what the law requires, along with an opportunity to supplement the pleadings, all in order to avoid a scenario in which a pro se plaintiff's claims are summarily dismissed with prejudice based on a failure to plead sufficient facts. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004); Cote v. Maloney, 152 Fed. Appx. 6, 8 (1st Cir. 2005) (not for publication).

In this case the Court has before it a pleading by an individual who has repeatedly had actions dismissed as frivolous within the Tenth Circuit. See Anaeme v. Med. Staffing Network Allied, 204 Fed. Appx. 759, 761-62 (10th Cir. 2006) (unpublished) (collecting cases). This current pleading is outlandish in its nature because it impleads more than one hundred individuals and agencies in California for no apparent reason. To the extent Maine parties are involved, the pleading names nine state actors without explaining what these individuals did on an individual basis. Mr. Anaeme asserts conclusory allegations of negligence, conspiracy, disparate treatment, and intentional infliction of emotional distress, but provides insufficient factual content (despite 37 pages of allegations) for the Court to infer the existence of a plausible basis for recovery. What little information is supplied indicates, merely, that Mr. Anaeme professes a right to be licensed to practice pharmacy in the State of Maine, based on reciprocity, but his application was denied. This is a matter falling within the purview of the Maine Board of Pharmacy that is subject to standards, administrative procedures, and judicial review prescribed

by Maine law. 4 M.R.S. § 105(3)(A) (Superior Court; civil jurisdiction); 5 M.R.S. § 11001 (Administrative Procedure Act; right to review); 32 M.R.S. §§ 13721(1)(A), 13733, 13742-A(1) (Maine Pharmacy Act; licensure and discipline; qualifications for licensure by endorsement; denial or refusal to renew license).

Mr. Anaeme does not raise even a colorable basis for pursuing a claim in federal court. The mere fact that Mr. Anaeme is a black man does not justify an inference that the denial of licensure involved disparate treatment based on race. Nor is there a colorable basis in the pleadings to infer a denial of due process, assuming that it would be appropriate for Mr. Anaeme to pursue a due process claim in this federal court without first availing himself of state process. Additionally, the Eleventh Amendment confers immunity upon the State when it comes to suits for money damages brought in federal court and, to the extent Anaeme's complaint might be construed to include money damages claims against state actors individually, the doctrine of quasi-judicial immunity affords absolute immunity. Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 662-63 (1st Cir. 2010). As for any tort theories falling within the Court's supplemental or diversity jurisdiction, governmental agencies enjoy immunity from suit on tort claims, 14 M.R.S. §§ 8103, 8104-A, and individual state actors enjoy "personal immunity," which is absolute, for "undertaking or failing to undertake any judicial or quasi-judicial act, including . . . refusal to grant . . . any license," id. § 8111(1)(B), assuming Mr. Anaeme preserved the claims under the notice requirements of the Maine Tort Claims Act, id. § 8107. Finally, the allegations fail to describe individual conduct and, consequently, would fail to raise a plausible inference of individual tort liability even in the absence of immunity.

4

## CONCLUSION

Mr. Anaeme has remained silent despite an order to supplement his complaint to articulate factual grounds that might state a claim for which relief may be granted in this Court. In light of Mr. Anaeme's silence, his status as a repeat filer of frivolous actions, the significant immunity barriers that exist for the kinds of claims he has raised, and the absence of sufficient allegations to plausibly infer any basis for liability, I RECOMMEND that the Court DISMISS THE ACTION, WITH PREJUDICE, pursuant to its statutory authority to screen in forma pauperis proceedings that patently fail to state a claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 4, 2011